09-3283-ag
Fnu v. Holder

BIA
Balasquide, IJ
A099 928 356
A099 928 357
A099 928 358
A076 143 102

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand ten.

PRESENT:
RALPH K. WINTER,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
         *Circuit Judges.*

_____

LINDA FNU, SUKIMIN THEN, MICHAEL ALVIN, MICHAEL KEVIN,
         *Petitioners,*

         v.                                    09-3283-ag
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONERS:        Aaron Shapiro, The Shapiro Law Firm, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney

**General, Civil Division; Thomas B. Fatouros, Senior Litigation Counsel; Karen Y. Stewart, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

The Petitioners, Linda Fnu, Sukimin Then, Michael Alvin, and Michael Kevin, natives and citizens of Indonesia, seek review of a July 13, 2009, order of the BIA affirming the December 3, 2007, decision of Immigration Judge ("IJ") Javier Balasquide denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fnu*, Nos. A099 928 356/357/358, A076 143 102 (B.I.A. July 13, 2009), *aff'g* Nos. A099 928 356/357/358, A076 143 102 (Immig. Ct. N.Y. City Dec. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established.

*See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.    Asylum**

Although the petitioners correctly assert that non-life threatening violence and physical abuse *may* rise to the level of persecution, we find no error in the IJ's conclusion that the petitioners failed to establish such persecution in their case. *See Beskovic v. Gonzales*, 467 F.3d 223 (2d Cir. 2006). As the IJ found: (1) Fnu failed to provide any evidence that the injuries she suffered in the 1998 riots were permanent or serious or that she received any medical treatment; and (2) Then testified that he was never physically harmed. The IJ further found that the harassment Then endured at the hands of native Indonesians did not rise to the level of persecution. We are unpersuaded by the petitioners' argument that the IJ failed to consider the incidents they described cumulatively. *Cf. Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007); *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005). Thus, substantial evidence supports the IJ's determination that the petitioners failed to establish past persecution. *See  Ivanishvili v. U.S. Dep't of Justice*, 433

F.3d 332, 341 (2d Cir. 2006).

In the absence of past persecution, an alien can demonstrate eligibility for relief if he can show that he has a well-founded fear of future persecution on account of a protected ground.  8 C.F.R. § 1208.13(b)(2)(i); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Here, however, substantial evidence supports the agency's conclusion that the petitioners failed to demonstrate a well-founded fear of future persecution on account of their Chinese ethnicity and Christian beliefs.  In support of that conclusion, the IJ noted that: (1) despite being harmed in the 1998 riots, the petitioners did not depart Indonesia permanently until 2006; (2) between 1998 and 2006, Fnu reported only one other minor incident of harm and Then was never physically harmed; (3) Fnu traveled to the United States in 2002 for approximately 30 days and then voluntarily returned to Indonesia; and (4) the petitioners provided no evidence that their children were ever harmed in Indonesia.[1]  The petitioners do not address, much less

---

[1] In our recent decision in *Kone v. Holder*, we found that return trips to the applicant's home country could not alone rebut the presumption of future persecution or support an adverse credibility determination.  596 F.3d 141, 150 (2d Cir. 2010).  Here, however, the IJ considered Fnu's return trip to Indonesia among numerous

challenge these findings.  Instead, they merely reiterate the incidents of harm they referred to in arguing that they suffered past persecution, asserting that these same incidents show that they have a well-founded fear.  In light of the IJ's findings as to past persecution, the agency reasonably concluded that the petitioners failed to establish a well-founded fear of future persecution.  The petitioners have waived any separate argument that there is a pattern and practice of persecution.  8 C.F.R. § 1208.13(b)(2)(iii)(A),(B).  In any event, the BIA reasonably found that the record did not show such a pattern or practice.  *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (per curiam).

## II.  Withholding of Removal and CAT Relief

As the government argues, the petitioners failed to challenge before the BIA the IJ's denial of withholding of removal and CAT relief, and do not raise any such arguments in their brief before this Court.  Accordingly, any challenge to the agency's denial of withholding of removal and CAT relief is deemed abandoned.  *See Gui Yin Liu v. INS*,

---

other findings, including a detailed analysis of country conditions.  Moreover, because none of the petitioners suffered past persecution, they were not entitled to a presumption of future persecution.

5

508 F.3d 716, 723 n.6 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk